**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | | |
|---|---|---|
| ROBERT BECK,<br>     Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION NO. 4:03cv490 |
| HOME DEPOT INTERNATIONAL,<br>INC.,<br>     Defendant. | § § § § | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Robert Beck, hereinafter called Plaintiff, complaining of and about Home Depot International, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### A. PARTIES AND SERVICE

1. Plaintiff, Robert Beck, is an individual who is citizen of the United States and the State of Texas and resides in Collin County, Texas. Plaintiff designates Joe Holt as the person over the age of eighteen who is not a party to this case to make service of summons upon Defendant.

2. Defendant, Home Depot International, Inc., is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Georgia. Defendant may be served by serving, CT Corporation System, its registered agent authorized to accept service at 350 North St. Paul Street, Dallas, Texas 75201.

## B. JURISDICTION & VENUE

3. The court has jurisdiction over the lawsuit under 28 USC § 1332(a)(1) because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 USC § 1367 because they arise out of the same case or controversy.

5. Venue is proper in this district and division as the accident giving rise to this suit occurred in Collin County, Texas.

## C. FACTS

6. This lawsuit results from a scaffold tip-over on December 27, 2001 at Plaintiff's residence at 3009 Teal Lane, McKinney, Collin County, Texas.

7. Plaintiff had lawfully rented the scaffold involved in this accident from Defendant's location at store number 527, located at 4600 State Highway 121, Plano, Texas. At the time of renting said scaffold, Defendant tendered all scaffold equipment to Plaintiff without including the outriggers and safety base plates which were designed by the manufacturer to accompany said scaffold during its use.

8. On or about December 27, 2001 the Plaintiff set up the said scaffold for use in a maintenance project at his residence.

9. On or about December 27, 2001 the above-referenced scaffold toppled onto Plaintiff during the disassembly due to the scaffold's instability from operation without outriggers and safety base plates.

10. Plaintiff suffered injuries to his person, namely shoulder, neck and back as a result of

the December 27, 2001 incident made basis of this suit.

11. Plaintiff has incurred, and will continue to incur, bodily injury and expenses resulting from the December 27, 2001 incident made basis of this suit.

### D. NEGLIGENCE OF DEFENDANT

11. On or about December 27, 2001 and at all times mentioned herein, Defendant was the owner of the scaffold involved in the incident made basis of this suit.

12. At all times mentioned herein, Plaintiff was in lawful possession of the scaffold owned by Defendant as a result of a lawful rental agreement, and as a result the Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

13. At all times mentioned herein, Plaintiff was in lawful possession of the scaffold owned by Defendant as a result of a lawful rental agreement, and as a result the Defendant owed certain duties to Plaintiff, the breach of which proximately aggravated prior injuries to Plaintiff's body.

14. Defendant, Defendant's agents, servants, and employees negligently allowed the scaffold rented to Plaintiff to be incomplete and fail to contain the entire amount and components of safety equipment designed by the manufacturer to accompany its use, namely the outriggers and safety base plates.

15. At all times pertinent herein, Defendant, and any of its agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

   a. Failing to properly train its agents in the proper renting and instruction to customers regarding the safe use and proper care of scaffolds;

b. Failing to properly supervise its agents in the renting and instruction to customers regarding the safe use and proper care of scaffolds;

c. Failing to properly train its agents in the proper renting of scaffolding equipment, namely care to ensure that all required pieces of a scaffold are delivered to a customer who lawfully rents a scaffold from Defendant;

d. Failing to properly supervise its agents in the proper renting of scaffolding equipment, namely care to ensure that all required pieces of a scaffold are delivered to a customer who lawfully rents a scaffold from Defendant;

e. Failing to ensure that a customer who lawfully rents a scaffold from Defendant is given a complete scaffold containing all of the safety equipment designed by the manufacturer to accompany a scaffold in safe use;

f. Failing to ensure that a customer who lawfully rents a scaffold from Defendant has the proper training, instruction, and education in the safe use of a scaffold;

g. Failing to ensure that a customer who lawfully rents a scaffold from Defendant is qualified to use a scaffold;

h. Failing to ensure that its agents distribute written instructions that cover the safe use, set-up, and take-down of a scaffold;

i. Failing to ensure that each scaffold available for rental within its store has the manufacturer's safety outriggers, safety plates, and related pieces designed to be in use on a scaffold;

j. Failing to rent a scaffold to Plaintiff that contained all safety equipment designed by the manufacturer to accompany the scaffold in its use;

k. Failing to do that which a person of ordinary prudence would have done under the same or similar circumstances; and

l. Doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

### E. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT

16. At the time of the occurrence of the act(s) in question and immediately prior thereto, Defendant's agents, employees or persons acting on its behalf were within the course and scope of employment for Defendant.

17. At the time of the occurrence of the act(s) in question and immediately prior thereto, Defendant's agents, employees or persons acting on its behalf were engaged in the furtherance of Defendant's business.

18. At the time of the occurrence of the act(s) in question and immediately prior thereto, Defendant's agents, employees or persons acting on its behalf were engaged in accomplishing a task for which he was employed.

19. Plaintiff invokes the doctrine of <u>Respondeat Superior</u> as against Defendant.

### F. DAMAGES

20. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All reasonable and necessary costs incurred in pursuit of this suit;

    b.    Medical monitoring;

    c.    Interest;

    d.    Impairment in the past;

    e.    Impairment in the future;

    f.    Mental anguish in the past;

    g.    Mental anguish in the future;

    h.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff and such charges are reasonable and were usual and customary charges for such services in the county in which they were performed;

    i.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future for surgical care and required medical follow-up;

    j.    Loss of earnings in the past;

    k.    Loss of earning capacity which will, in all probability, be incurred in the future;

    l.    Physical pain and suffering in the past; and

    m.    Physical pain and suffering in the future.

### G. JURY DEMAND

21. Plaintiff respectfully asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## H. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Robert Beck, respectfully prays that the Defendant be cited to appear and answer herein, that this case be set for a jury trial, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; all damages to which Plaintiff is entitled, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

_____
Eric Gruetzner
Attorney-in-charge
Texas Bar No. 24036690
Adrian Crane & Associates, P.C.
8111 L.B.J. Freeway
Suite 1065
Dallas, Texas 75251
(972)235-4444 voice
(972)235-4454 fax